WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Plaintiff Devon Isbell*



FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 6 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEVON ISBELL, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>PARTY CITY CORPORATION, a foreign corporation; MIKE ZAMECNIK, an individual; MIKE FRANCO, an individual; DOE BUSINESS ENTITIES 1-10; and DOE INDIVIDUALS 1-50.<br><br>　　　　　　　Defendants. | CASE NO: 3:17-cv-00709-MMD-VPC<br><br>ORDER<br><br>PLAINTIFF'S MOTION TO ENLARGE TIME TO EFFECT SERVICE OF PROCESS ON DEFENDANT MIKE FRANCO<br><br>(FIRST REQUEST) |

COMES NOW Plaintiff DEVON ISBELL, by and through her counsel, William J. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby files *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant Mike Franco* ("*Motion*") in the above-captioned matter. This *Motion* is made pursuant to the following Points and Authorities, the pleadings and papers on file in this action, and any oral arguments the Court may entertain at any hearing set for this matter. This is the first request for such an enlargement of time.

I. **INTRODUCTION**

A. <u>**CASE OVERVIEW**</u>

This is an employment-discrimination case arising under the Americans with Disabilities Act. Plaintiff Devon Isbell ("Isbell") was an employee of Defendant Party City Corporation ("Party City") from May 18, 2015 through January 5, 2016. Plaintiff worked at the Party City store located at 2825 Northtowne Lane in Reno, Nevada, serving as the store's general manager. Plaintiff alleges that she was discriminated against because of her physical disabilities that arose from workplace injuries to her

1

knee. The workplace injury arose when a shelving unit fell over and struck her left knee, trapping her beneath the shelves. Such unlawful employment discrimination against Plaintiff included Defendants' refusals to accommodate her disabilities, their harassment and retaliation against her, their failure to engage in the interactive process, their disparate treatment in the benefits of her employment, their demotion or reduction in her pay, and their firing her. Isbell's supplemental, state-tort claims assert causes of action for tortious discharge in violation of public policy—relating to Defendants' firing Isbell in retaliation for her having sought worker's compensation benefits—and slander and intentional infliction of emotional distress—relating to their false accusation that Isbell committed insurance fraud and company theft. Plaintiff seeks monetary, equitable, and injunctive relief.

### B.  PROCEDURAL BACKGROUND

On December 7, 2017, Isbell filed her original and first amended complaint in the above-captioned matter. (ECF 001-002.) The 90-day, service-of-process deadline will run on March 7, 2018. *See* Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(m). Isbell attempted service on all three Defendants, as follows:

1. On December 28, 2017, Isbell served the *Summons* and *Amended Complaint* on Party City, by serving its registered agent, Corporation Trust Company of America. (*See* ECF 009 (Summons Returned Executed, *Declaration of Service* filed herein));

2. On January 17, 2018, Isbell attempted to serve the *Summons* and *Amended Complaint* on Defendant Mike Franco ("Franco"), at his ostensible place of employment, Party City, 2825 Northtown Lane, Reno, NV 89512. However, the current manager of the store, Mike Lemes, stated that he had been at the store for two years and had never heard of Franco. (*See* ECF 009 (Summons Returned Unexecuted, *Declaration of Attempts* for service on Franco));

3. On January 17, 2018, Isbell attempted to serve the *Summons* and *Amended Complaint* on Defendant Mike Zamecnik ("Zamecnik"), at his ostensible place of employment, Party City, 2825 Northtown Lane, Reno, NV 89512. However, store manager, Mike Lemes, stated that he sees Zamecnik about once a month and had no idea when he will be in the store in January. (*See* ECF 009-1 (Summons Returned Unexecuted, *Declaration of Attempts* for service on Zamecnik)). The law firm of Fox Rothschild, LLP subsequently appeared in this action to jointly represent Party City and Zamecnik,

but not Franco. (*See Answer to Amended Complaint ("Answer")*, ECF 007.)

Of concern here is the fact that, in their *Answer*, Party City and Zamecnik denied that Franco was even employed by Party City. (ECF 007, ¶ 6.) Yet, Franco *was* a loss-prevention agent who was physically present at the Party City Store on behalf of Party City, as alleged in the *Amended Complaint*. (*See e.g.*, ECF 002, ¶ 2 and 58.) Accordingly, Isbell will need additional time to discover the identity of Franco's employer and Franco's business relationship with Party City, so that his employer may be named as a defendant in this action, if appropriate, and so that service of process can be effected on Franco. This *Motion* seeks additional time to serve Franco, **up to and including the last date for service of any amended pleadings in this case**, according to the governing deadline to amend the pleadings, announced in the scheduling order that will issue this case.

## II. LEGAL ARGUMENT

### A. RULE 4(m) GOVERNS SERVICE OF PLEADINGS

Fed. R. Civ. P. 4(m) governs the time limit for service of pleadings and allows parties to obtain extensions of time to effect service of process beyond 90 days:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

### B. RULE 6(b) ALLOWS PARTIES TO EXTEND DEADLINES

Separately, Fed. R. Civ. P. 6 (b) also permits parties to ask the Court to extend litigation deadlines: "if a request is made before the original time or its extension expires." Fed. R. Civ. P. (b)(1)(A). However, if a motion to extend a litigation deadline is made *after* the deadline has expired, then the party show excusable neglect to extend the deadline. Fed. R. Civ. P. 6 (b)(1)(B). Here, Plaintiff requests an enlargement of time to effect service of process on Defendants *before* the 90-day-service deadline has expired. Accordingly, the more lenient standard of "good cause" applies, not "excusable neglect." *See* Fed. R. Civ. P. (b)(1)(A). Support for this lenient standard can also be found

in Fed. R. Civ. P. 4(m), which allows *even post-deadline* requests for additional time to effect service of process on defendants to be granted for "good cause." Fed. R. Civ. P. 4(m). Good cause supports Plaintiff's request here for additional time to effect service of process on Franco, **up to and including the last date for service of any amended pleadings in this case**, according to the scheduling order that will issue in this case.

### C. GOOD CAUSE EXISTS TO EXTEND THE SERVICE-PERIOD

Isbell reasonably presumed that Defendant Franco worked for Party City, as she was accosted by him at the place of her employment, *i.e.*, Party City. Franco was purportedly investigating a theft at the Party City store, and he wrongfully accused her of that theft. (*See* ECF 002, ¶¶ 58-59.) A reasonable person in her shoes would have believed that Franco was an employee of Party City. At the very least, Franco was an agent of Party City, with respect to the assignment he was given. However, if Party City's *Answer* is to be believed, Franco was not actually an employee of Party City. (*See* ECF 007, ¶ 6.) Given that he is reportedly not an employee of Party City, the law firm of Fox Rothschild LLP will not be representing him in this action. So, additional time is needed to effect service of process on Franco. Good cause exists to extend the service period to serve Franco, until a time after the pleadings are corrected, to reflect his true employment status and after discovering his last known address.

Even if Isbell's mistaken presumption about Franco's affiliation with Party City arose through neglect, it would be excusable neglect. A court's finding of "excusable neglect" can excuse not only the negligence, carelessness, and inadvertent mistake of a party, but also that of a party's counsel. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1220 and 1223 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993).) In *Bateman*, the Ninth Circuit Court of appeals addressed the meaning of "excusable neglect," to clarify:

> In *Briones*, 116 F.3d at 381, we noted that *Pioneer* changed our law on excusable neglect. Before *Pioneer*, we had held that "ignorance of court rules does not constitute excusable neglect" and had applied a *per se* rule against the granting of relief when a party failed to comply with a deadline. See *Briones*, 116 F.3d 381, 382. After *Pioneer*, however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake. *See id.* at 381.

*Bateman*, 213 F.3d at 1224 (citing *Pioneer*, 507 U.S. at 395).

4

The important judicial policy of adjudicating cases on their merits, rather than dismissing cases for failure to comply with procedural rules, can be gleaned from the case of *Mayweather v. Wine Bistro*, LLC, No. 2:13-cv-210-JAD-VCF (D. Nev. October 4, 2013). In *Mayweather*, the plaintiff had filed a motion to extend time to serve the pleadings on some of the defendants outside the 120-day service period, after having failed to attempt such service within the 120-day service period. *Mayweather*, No. 2:13-cv-210, at p. 11. With respect to the plaintiff's delay in attempting to serve one of the defendants, such attempts were not made until "two full months after the 120-day period ran." *Mayweather*, No. 2:13-cv-210, at p. 11. The *Mayweather* Court found that the plaintiff had failed to demonstrate good cause for extending the 120-day service period as to three of the defendants. *Id.*, at p. 12. Nevertheless, the district court still allowed the extension of time to serve the defendants, as requested, noting that, "Where no good cause is shown, the Court has discretion to extend the time period." *Mayweather*, No. 2:13-cv-210, at p. 12 (citing *U.S. v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); and *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)).

Here, Isbell submits that good cause and excusable neglect has been shown above, based on the apparent mistaken affiliation of Franco and Party City. As well, good cause is shown by her prior attempt to effect service of process on Franco within the 90-day period, but such service was rejected. Based on new information contained in the Party City and Zamecnik's *Answer*, Isbell has now learned that the Defendant Franco may not have been an employee of Party City, but some other employer who served as agent for Party City. Isbell finds herself at a point now where she needs to discover Franco's actual affiliation with Party City, so that she may properly identify Franco in the pleadings. She may need to join her employer as a co-defendant to this action. She will need to discover Franco's last known whereabouts, in order to effect service of process on him.

There will be no unfair prejudice to the parties because Isbell will be permitted additional time to amend the pleadings anyway, under a scheduling order that will be issued in this case. Such deadlines are originally scheduled to occur not later than ninety (90) days before discovery cut-off. *See* Local Rule 26-1(b)(2) ("the deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery"). There is still plenty of time to amend the pleadings because no

1 scheduling order has yet been issued here. Thus, Isbell will have the right to amend the pleadings to
2 identify Franco's true employment status and last-known address, after she has obtained discovery on
3 such matters. Good cause exists to extend the deadline to effect service of process on Defendant
4 Franco, **up to and including the last date for service of any amended pleadings in this case**,
5 according to scheduling- order deadline that will issue in this case.

## III. CONCLUSION

FOR ALL THE FOREGOING REASONS, Plaintiff respectfully requests that the Court extend the deadline to effect service of process on Defendant Franco, **up to and including the last date for service of any amended pleadings in this case**, according scheduling order that will issue in this case. This is the first request for such an enlargement of time for Defendant Franco, and this request is not offered for any dilatory or improper purpose.

Dated this 2nd Day of March 2018.

THE GEDDES LAW FIRM, P.C.

*[signature]*

WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
(775) 853-9455

*Attorneys for Plaintiff Devon Isbell*

IT IS SO ORDERED
*[signature]*
U.S. MAGISTRATE JUDGE
DATED: March 26, 2018

6

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Geddes Law Firm, P.C., and that on **March 2, 2018**, I caused to be served a copy of the foregoing *Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant Mike Franco (First Request)* by electronic filing with the Court's Pacer e-filing system, addressed to:

David F. Faustman, Esq.
FOX ROTHSCHILD, LLP
1980 Festival Plaza Dr., Suite 700
Las Vegas, NV 89135

*Attorneys for Defendants Party City Corporation and Mike Zamecnik*

/s/ William J. Geddes
WILLIAM J. GEDDES
An employee of the Geddes Law Firm, P.C.