| ___ FILED | ___ RECEIVED |
| ___ ENTERED | ___ SERVED ON |

COUNSEL/PARTIES OF RECORD

APR 1 7 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

1  WILLIAM J. GEDDES
Nevada Bar No. 6984
2  THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
3  Reno, Nevada 89521
Phone: (775) 853-9455
4  Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
5  Attorneys for Plaintiff Devon Isbell

6  UNITED STATES DISTRICT COURT

7  DISTRICT OF NEVADA

8  DEVON ISBELL, an individual,

CASE NO: 3:17-cv-00709-MMD-VPC

9                      Plaintiff,

10  vs.

[Proposed]

STIPULATED PROTECTIVE ORDER
Regarding

11  PARTY CITY CORPORATION, a foreign
corporation; MIKE ZAMECNIK, an
12  individual; MIKE FRANCO, an indvidual;
DOE BUSINESS ENTITIES 1-10; and DOE
13  INDIVIDUALS 1-50.

CONFIDENTIALITY OF DOCUMENTS
PRODUCED IN LITIGATION

14                      Defendants.

15

16  I.    RECITALS

17        WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require

18  the parties to disclose records and information that are confidential and sensitive, including because

19  such records are anticipated to include the parties' private employment records and private medical

20  records; and

21        WHEREAS: the parties seek to protect and prevent the improper dissemination of such

22  confidential and private records and information to third parties, during the course of litigation and after

23  the litigation has ended;

24  II.   STIPLUATION

25        THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate

26  and request the Court issue an Order ("Stipulated Protective Order"), protecting the confidential nature

27  of certain records and information as may be produced during the course of the above-captioned

28  matters, as follows:

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

1

1    1.     If any person or entity, whether or not a party to the instant action, produces or receives

2    answers to interrogatories, or documents or other things, which the producing or receiving person or

3    entity considers to be "Confidential Information," as defined in § II(3)(A)(I) infra; or

4    2.     If there is deposition testimony which any person or entity, whether or not a party to the

5    instant action, believes contains "Confidential Information," as defined in § II(3)(A)(I) infra; or

6    3.     Third parties produce information which the third-parties assert is confidential, the

7    following procedure shall govern pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26 (c)

8    et. seq.:

9    A.     Any documents (and the contents thereof), things or information falling within

10    the definition of "Confidential Information," set forth in § II(3)(A)(I) infra, that are produced may be

11    designated and marked, in whole or in part, without regard to whether redactions are made,

12    "Confidential" by the party producing the documents or information, at the time the documents are

13    delivered to or made available for inspection by any party;

14    I.     "Confidential Information" is defined herein as: (a) employment records

15    of any employees or former employees of any party; (b) confidential notes, memoranda, and statements

16    regarding non-party employees; (c) confidential information concerning the discipline and/or

17    termination of non-party employees and former employees; (d) the production of information or

18    documents proprietary to any party, including by way of example and not limitation, tax records,

19    financial statements; (e) other private information of any party or non-party to the present litigation,

20    including consumer records, e.g., phone bills; (f) financial records and business records of any person

21    or entity, whether a party or non-party to the present litigation; and (g) medical records, including

22    medical bills and psychological records, and medical information of any person, whether a party or

23    non-party to the present litigation.

24    B.     If a party produces to another party items that contain Confidential Information

25    as defined above, that party may designate one or more documents, or a portion of a document, as

26    "Confidential" before producing that document to the other party.  Such designation shall be made by

27    marking, stamping or typing the word "Confidential" on each page of the document at the time it is

28    produced to the receiving party's counsel;

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

2

1  C.    Any party may designate deposition testimony as "Confidential" by orally

2  making such a designation on the record either at the commencement of the deposition, at the time the

3  testimony is given, and/or before the end of that day's questioning.  Following such a designation, the

4  court reporter shall mark "Confidential" on the transcript or the portion thereof containing the

5  "Confidential" testimony;

6  D.    In addition, documents or items produced by one party may be designated

7  "Confidential" by the other party, i.e., the receiving party, by:

8  I.    marking the document, in whole or in part, "Confidential" in the same

9  manner as stated above; and

10  II.    then forwarding a copy of the marked document back to the producing

11  party;

12  E.    In this regard, the receiving party seeking the "Confidential" designation may

13  designate, by number, each document it believes should be "Confidential";

14  F.    If the receiving party has no objection to the "Confidential" designation made by

15  the producing party, the receiving party may either expressly notify the producing party or allow the ten

16  calendar-day objection period (set forth below) to lapse.  Where there has been no written objection

17  made, once a document or item has been produced and designated as provided herein to the receiving

18  party, the document or item shall be treated as "Confidential," respectively, pursuant to this Stipulated

19  Protective Order, until further order of the Court;

20  4.    The following protocol shall apply in the event of an objection to a designation of

21  "Confidential":

22  A.    If there is an objection to the "Confidential" designation, the party so objecting

23  must notify the other party in writing of both the objection and the grounds for the objection within ten

24  calendar days from the date the designation was made or the document(s)/item(s) received, whichever

25  is later, and the procedure in § II(4)(B) infra, shall apply;

26  B.    If the parties do not agree that the documents, information or testimony should

27  be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring.  If a

28  resolution does not occur, either party may file a motion with the Court to resolve the dispute.  Such

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

1    motion must be filed within 30 calendar days of receipt of the written objection to the designation,

2    unless stipulated otherwise by counsel.  If an objection has been raised, the documents, testimony

3    and/or information at issue shall be governed by § II (3)(A)-(F), inclusive, of this Stipulated Protective

4    Order, and treated and regarded as "Confidential" from the date of disclosure and/or production until

5    the dispute is resolved informally by the parties or a final order is issued by the Court resolving the

6    dispute.  In the event of such motion, the parties having entered into this Stipulation and the existence

7    of the Court's Order entered thereon shall not affect the burden of proof on any such motion, nor

8    impose any burdens upon any party that would not exist had this Stipulated Protective Order not been

9    entered;

10           5.      A document or testimony, or portion, summary, or abstract thereof, that is to be treated

11   "Confidential" pursuant to this Stipulated Protective Order shall not be disclosed to any persons other

12   than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel

13   employed by them, and other persons to whom disclosure is necessary for the purposes of this

14   litigation. (This allows disclosure to the officers, directors, employees or former employees of the

15   parties, persons requested by counsel for any party to furnish technical or expert service or to give

16   expert testimony with regard to the subject matter of the document(s), item(s) or expert testimony for

17   the trial of this action).  However, each such person to whom a party makes such disclosure shall read

18   this Stipulated Protective Order and acknowledge in writing that he/she is fully familiar with the terms

19   hereof and agrees to comply with, and be bound by, this Stipulated Protective Order until modified by

20   either further order of the Court or agreement of all the affected parties;

21           6.      Anyone seeking to file any "Confidential" documents, testimony, or information or any

22   pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential

23   material with this Court must first attempt to make such filings confidentially, by seeking to obtain

24   prior leave of Court for filing the same under seal.  Notwithstanding any agreement among the parties,

25   the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of

26   public access to papers filed in Court.  NOTE: If the document is filed electronically, the appropriate

27   protocol for that purpose will be utilized;

28           7.      If such application for leave of Court to file any document(s) under seal is denied, then

4

1 the party who sought leave will be relieved, in that instance only, and only as to such documents for

2 which leave of Court was denied, from complying with this stipulation in relation to that filing;

3      8.      Any documents, testimony, and/or information that has been rendered "Confidential"

4 under the parties' Stipulated Protective Order is to be used only in the above-captioned action, and may

5 not be used in any other action or for any other purpose unless the party seeking to make such use has

6 acquired the documents, testimony, and/or information from a source independent of the above-

7 captioned action;

8      9.      Within 45 calendar days of the entry of the final order concluding this judicial

9 proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or

10 notes relating thereto, shall be returned to the producing party or destroyed by the receiving party

11 (including by being shredded), at the option of the receiving party, with proof or attestation of such

12 destruction of records being transmitted by the receiving party to the producing party, except as

13 otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain

14 return of such information, things, and/or documents from any person to whom that counsel has made

15 available the documents or information produced by the other party designated as "Confidential."

16 Notwithstanding any other language contained in this Order, each party's counsel of record shall be

17 allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or

18 lodged with the Court, and of all documents designated by both parties or any non-party as

19 "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any

20 type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the

21 attorney work-product doctrine). All such documents and information retained by counsel of record

22 must be maintained in a confidential manner and used only in accordance with this Order.

23      10.      This Stipulated Protective Order may be amended, without prior leave of the Court, by

24 the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this

25 case. Nothing herein shall be construed so as to prevent any party from seeking relief from this Order

26 at any time; and

27 / / /

28 / / /

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

5

11.   The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this Stipulated Protective Order.

Dated: April 5, 2018                         THE GEDDES LAW FIRM, P.C.



WILLIAM J. GEDDES
Nevada Bar No. 6984
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Attorney for Plaintiff Devon Isbell

Dated: April 5, 2018                         FOX ROTHSCHILD LLP

Electronic Signature Authorized

/s/

David F. Faustman
State Bar No. 9396
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
Phone: 702-262-6899
Email: dfaustman@foxrothschild.com
Attorneys for Defendants Party City and Scott Shick

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

6

ORDER

THE COURT, having considered the preceding Stipulation and good cause appearing therefor, HEREBY GRANTS the relief and protections requested therein. IT IS HEREBY ORDERED that the preceding Stipulation and this Stipulated Protective Order shall be and remain in effect, as stipulated therein.

IT IS SO ORDERED.

DATED: _April 17, 2018_

_____
UNITED STATES MAGISTRATE JUDGE

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455